JOHN BARKER *versus* JOSEPH CHASE.

Where the owner of goods assigns and delivers them to another person, as security for the payment of a debt, by a valid assignment; and the assignee makes an assignment of them to the plaintiff, by an instrument which is void as against the provisions of the statute on that subject, and delivers them over to the plaintiff with the assent of the original owner; an action of trespass can be maintained therefor by the plaintiff against one who takes them without right and as a mere wrongdoer.

An officer has no right by virtue of a writ against the mortgagor to attach and take goods from the possession of a bailee of the mortgagee, without first paying or tendering the amount due upon the mortgage.

AFTER all the evidence, which appears at length in the report of the case, was before the jury, the defendant became defaulted. If upon the evidence the action could be supported, in the opinion of the Court, the default was to stand; and if not maintainable, the default was to be taken off, and the plaintiff become nonsuit.

*J. Appleton* and *M. L. Appleton* argued for the defendant.

*Moody*, for the plaintiff.

In support of his position, that if the assignment was void, and the plaintiff held the property as the mere bailee of Crosby, still he could maintain the action against the defendant, a mere stranger and wrongdoer, he cited 1 Chitty's Pl. 170; 1 B. & P. 45; 8 Pick. 33; 7 Pick. 52; 10 Pick. 135; 20 Pick. 247; 22 Pick. 253.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action of trespass, brought against the former sheriff of the county of Piscataquis, to recover the value of certain lumber attached by his deputy, on a writ in favor of Henry Rice and others against Benjamin H. Davis, on January 20, 1840. The logs from which the lumber was made, appear to have been cut by Davis on the lands of the North American Lumber Company, during the season of 1839, by virtue of a written license or permit from their agent, on November 16, 1838. This license, with his rights under it, was assigned, on February 22, 1839, by Davis to Stephen S.

Crosby to secure the payment for certain goods, furnished to enable him to carry on the operation. Crosby, on July 11, 1839, made an assignment of all his property to the plaintiff, for the benefit of his creditors, upon certain conditions, and at the same time and as part of the same transaction also assigned to him his interest in that license. That assignment, as this Court has already decided, was invalid. Davis testified, that he, after a formal delivery of the property, took possession of the lumber as the agent of the plaintiff, and manufactured and transported it to market for him, and that the plaintiff paid the wages of the men employed and all the expenses of manufacture and transportation. Although the plaintiff did not acquire any title to the property by that assignment, this testimony shews, that it was lawfully in his possession at the time of the attachment, by the consent of both Davis and Crosby. And that is sufficient to enable him to maintain this action against a stranger and wrongdoer. Davis, long before the attachment, had parted with all his interest to Crosby, unless there should be a balance left after all the bills were paid. It is insisted, that the plaintiff should not be allowed to recover the value of the lumber, because it appeared at the time of the trial, that he had been repaid all sums advanced by him. But the right of property did not thereby revert to Davis; it remained in Crosby, who must be considered as only parting with the possession to the plaintiff, as his substitute and bailee, to carry out the original design. And he, as such, may recover the value of the property against the defendant, who fails to show any title in Davis; and hold the amount instead of the lumber to be restored to the owner or to his creditors. If Davis should be regarded as mortgagor, and Crosby as mortgagee of the lumber at the time of the attachment, the officer could not have taken it from the possession of the bailee of the mortgagee, without first paying or tendering the amount due upon the mortgage.

*Judgment on the default.*